## FILOTEI v. CARNEGIE–ILLINOIS STEEL CO.

### No. 131 In Admiralty.

United States District Court,
W. D. Pennsylvania.

June 6, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Ira R. Hill, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

And now, to-wit, this 6th day of June, 1951, this action came on for hearing and after hearing and consideration thereof, the Court makes the following Findings of Fact and Conclusions of Law and Order:

### Findings of Fact.

1. Libellant is a citizen and resident of McKeesport, Allegheny County, Pennsylvania.

2. Respondent is a corporation organized under the laws of the State of New Jersey with its principal office for the transaction of business in the City of Pittsburgh, Allegheny County, Pennsylvania.

3. At the times mentioned herein, respondent owned and operated the Steamer "Clairton", a vessel in navigation on the Ohio River and its tributaries, and libellant was employed thereon as a maid by respondent and was a seaman and member of the crew of said vessel.

4. Libellant was continuously on the said vessel from February 1, 1947 until February 10, 1947 and her hours of work were, during said period, 5:00 A.M. to 7:00 P.M. daily, out of which period of time rest periods were allowed. During said rest periods and after the completion of each day's work, libellant remained on the vessel.

5. On February 4, 1947, Josephine Filotei, libellant, fell from a stool upon which she was standing while making up the upper bunk in one of the deckhands' rooms on the vessel, and in falling sustained injuries to her left leg, hip, back, ankles and knees, left arm, and also to her genital organs in the region of the labia and the Bartholin gland.

6. These injuries and the accident precipitated a traumatic neurosis which completely disabled her (except for certain periods when she tried to carry on gainful work) from the date of the accident, February 4, 1947, to the time of her trial, May 8, 1950.

7. Said injuries incapacitated her and disabled her from performing gainful work from the date of the accident to the date of trial. The parties agreed that if libellant is entitled to recover maintenance and cure in this action that the number of days is 705.

8. Libellant was hospitalized in the United States Marine Hospital at Pittsburgh, Pennsylvania, for medical treatment and surgical operations during the following periods: August 5, 1947 to August 14, 1947, January 23, 1948 to February 21, 1948, and May 22, 1948 to August 28, 1948, after which she was discharged to outpatient treatment, and in St. Francis Hospital November 22, 1949 to December 3, 1949.

9. At the time of trial, libellant was in need of, and could be benefited by, psychiatric treatment to be administered by a qualified medical doctor specializing in psychiatry.

10. Libellant's injuries, disabilities and traumatic neurosis were proximately caused and precipitated by the accident she sustained on the vessel in falling from a stool February 4, 1947.

11. Libellant during the period from February 4, 1947 to May 8, 1950 was in need of maintenance and cure for a total of 705 days.

12. Total maintenance and cure recoverable in this action is for 705 days at the stipulated rate of $4 per day.

13. The total maintenance and cure which plaintiff is entitled to recover for from February 4, 1947 to May 8, 1950, is $2,820.00.

### Conclusions of Law.

1. This Court has jurisdiction of this cause of action.

2. Libellant is entitled to receive from respondent an amount sufficient for her maintenance and cure during the time she has been in need of same from the date of her accident to the time of trial.

3. Plaintiff is entitled to receive maintenance and cure representing 705 days, to the amount of $2,820, and costs.